**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-14052- CIV – MARTINEZ/LYNCH**

JOHN ZUCCARINI, )
)
Plaintiff, )
)
v. )
)
NETWORK SOLUTIONS, LLC, *et al*., )
)
Defendants. )
)

**DEFENDANTS NAMEJET, LLC'S AND NETWORK SOLUTIONS, LLC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) AND FOR TEMPORARY STAY OF DISCOVERY**

Defendants NameJet, LLC ("NameJet") and Network Solutions, LLC ("Network Solutions") hereby move the Court for entry of a Protective Order, pursuant to Fed. R. Civ. P. 26(c), with respect to Interrogatories propounded upon them by the Plaintiff, John Zuccarini, and as to other discovery. Specifically, NameJet and Network Solutions request that they not be required to respond to the Interrogatories, and that no other discovery be conducted, until 14 days after the Court denies their pending Motions to Dismiss.

In support of their Motion, NameJet and Network Solutions submit the following memorandum of law.

**MEMORANDUM OF LAW**

## I. INTRODUCTION

On February 11, 2011, the *pro se* Plaintiff, John Zuccarini ("Zuccarini"), filed his Complaint in this action [Docket No. 1]. On March 16, 2011, NameJet timely filed a Motion to Dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 13]. That same date, Network Solutions filed a Motion to Dismiss for improper venue and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) [Docket No. 14]. These two Motions to Dismiss have been fully briefed and are pending this Court's ruling.

In the meantime, NameJet and Network Solutions have participated in the scheduling conference and have provided their Initial Disclosures to Zuccarini,[1] at no small expense. Now, however, Zuccarini has served extensive Interrogatories on NameJet and Network Solutions. See Exhibit 1 (Interrogatories directed to NameJet, comprising 25 numbered Interrogatories); and Exhibit 2 (Interrogatories directed to Network Solutions, comprising 25 numbered Interrogatories).

This case is just the latest in a litany of claims brought by Zuccarini against NameJet and Network Solutions, in multiple forums, arising out of a dispute that he has with a third party. In each prior case, Zuccarini has been unsuccessful. There is no reason to believe that this action will not meet the same fate as his prior claims – in fact, there is every reason to believe that this action will be

---

[1] By agreement of the parties and as set forth in the parties Joint Scheduling Report [Docket No. 39], Initial Disclosures were not required to be filed until 14 days after denial of a Motion to Dismiss. Zuccarini then reneged on this agreement and threatened to file Motions to Compel. Having determined that it would be less expensive to provide Initial Disclosures than it would be to prepare an opposition to a motion to compel, NameJet and Network Solutions served their Initial Disclosures and put that matter to rest.

dismissed in the near future. Accordingly, NameJet and Network Solutions respectfully submit that an order should be entered protecting them from the annoyance and undue burden and expense of responding to the 50 interrogatories propounded on them by Zuccarini, and that no other discovery be conducted until 14 days after the Court denies their respective Motions to Dismiss.[2]

## II. FACTS

Zuccarini is a defendant in a post-judgment collection proceeding pending in the United States District Court for the Northern District of California, styled Office Depot Inc. v. Zuccarini, et al., Case No. C-06-80356. In that action, the Court ordered Network Solutions (a non-party to the case) to transfer control of certain domain name registrations to a Receiver appointed by the Court. Of course, Network Solutions complied. More than two years later, the Receiver abandoned – by not renewing – 14 of those domain name registrations. These domain name registrations subsequently were auctioned in accordance with Network Solutions' agreement with the Receiver, using NameJet's auction platform. Zuccarini is angry that the 14 domain name registrations were abandoned and not renewed by the Receiver, and criticizes Network Solutions for complying with the California Federal Court's transfer order, which he feels was unjust and outside the Court's jurisdiction.[3] But Zuccarini has misdirected his anger – which if justified would properly be directed to the Receiver – and has repeatedly sought relief against NameJet and Network Solutions:

---

[2] If by doing so, there is a need to extend the cutoff for the completion of discovery, NameJet and Network Solutions likewise request that the Court provide the parties such an extension.

[3] The United States Court of Appeals for the Ninth Circuit disagreed with Zuccarini on this point, which he seeks to relitigate in the instant action. See *Office Depot, Inc. v. Zuccarini*, 596 F.3d 696 (9th Cir. 2010).

- First, Zuccarini sought injunctive relief against NameJet and Network Solutions in the United States District Court for the Northern District of California. His request for injunctive relief was denied. See Exhibit 3 (Order dated June 15, 2010).
- Second, Zuccarini filed an action against NameJet, Network Solutions, and VeriSign, Inc. in this Court. The action was transferred to the United States District Court for the Eastern District of Virginia. See Exhibit 4 (Order dated November 18, 2010).
- Third, the United States District Court for the Eastern District of Virginia dismissed Zuccarini's complaint, warning Zuccarini that a frivolous appeal could result in sanctions pursuant to Fed. R. Civ. P. 11. See Exhibit 5 (Order dated January 14, 2011).
- Fourth, Zuccarini filed a Motion for Relief Pursuant to Rule 60(b) in the United States District Court for the Eastern District of Virginia. The Court denied Zuccarini's motion, finding it to be "as equally groundless and devoid of merit as his original Complaint." See Exhibit 6 (Order dated January 19, 2011).

Swayed by neither his repeated prior losses nor the doctrine of *res judicata*, Zuccarini filed the instant action, and now is demanding that NameJet and Network Solutions respond to his 50 Interrogatories before the Court has ruled on their Motions to Dismiss.

## III. ARGUMENT

"The Eleventh Circuit has held that the District Court has the responsibility to manage the discovery process in a manner that avoids abuse of the process and prejudice to the parties." Staup v. Wachovia Bank, N.A., 2008 WL 1771818, *1 (S.D. Fla., Apr. 16, 2008) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997)). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." Chudasama, 123 F.3d at 1367. "The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious." Id. See also, Appleton v. Intergraph Corp., 2008 WL 2302671, *1 (M.D. Ga., May 29, 2008) (granting a motion to stay discovery pending resolution of a motion to dismiss because "in ruling on the Motions, the Court will consider the allegations in the pleadings to be true, and therefor no issues of fact will need to be resolved"); McCabe v. Foley, 233 F.R.D. 683, 685-87 (M.D. Fla. 2006) (granting motion to stay discovery pending resolution of a motion to dismiss).

Zuccarini's claims here are of the "especially dubious" type referenced by the Eleventh Circuit in Chudasama. He has brought claims against NameJet and Network Solutions arising out of the same facts, repeatedly and in multiple forums. He has been warned by the United States District Court for the Eastern District of Virginia that he might be sanctioned for bringing these claims, and that his claims were "groundless and devoid of merit." And yet he persists. NameJet and Network Solutions have suffered mightily in terms of time and treasure in defending themselves – from coast to coast – against Zuccarini's baseless litigation. They have been, and continue to be, harassed by

Zuccarini because Network Solutions complied with a Court order and then complied with its agreement with the Court-appointed receiver. Zuccarini's position in this litigation, cut to its core, is that NameJet and Network Solutions should have thumbed their noses at the California Federal Court's Order and then ignored their agreement with that Court's Receiver. It is hard to comprehend a less meritorious case. Under these circumstances, NameJet and Network Solutions should be spared the additional expense and exertion that would attend having to respond to discovery requests and otherwise engage in the discovery process at this time. It will serve no purpose, other than to cause annoyance and undue burden and expense upon NameJet and Network Solutions.

## IV. CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)

The undersigned mad a reasonable good faith attempt to resolve the issues raised by this Motion without Court action. Specifically, on September 1, 2011, the undersigned sent a letter to Zuccarini, asking that he agree to stay all discovery until after the Court rules on the pending Motions to Dismiss. Zuccarini refused this request by email on September 1, 2011.

## V. CONCLUSION

For the reasons set forth below, NameJet and Network Solutions respectfully request that the Court enter an order staying discovery until 14 days after the Court enters an order denying NameJet's and Network Solutions' pending Motions to Dismiss.

/s/ Jamie M. Roos
Jamie M. Roos
Florida Bar No. 0694231
Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland 20850
Tel.: (301) 838-3326
Fax: (301) 354-8326
jhertz@steinsperling.com

Attorneys for NameJet, LLC and Network Solutions, LLC

/s/ Timothy B. Hyland
Timothy B. Hyland
Admitted *pro hac vice*
Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland 20850
Tel.: (301) 838-3314
Fax: (301) 354-8314
thyland@steinsperling.com

Attorneys for NameJet, LLC and Network Solutions, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that on this 13th day of September, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the Pro Se Plaintiff and all counsel of record on the attached Service List in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ Jamie M. Roos
Jamie M. Roos

**SERVICE LIST**

John Zuccarini
190 SW Kanner Highway
Stuart, Florida 34997

*Plaintiff Pro Se*
***By Email and First Class Mail***

Maria Ruiz
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131

***By CM/ECF***

Kathleen P. Wallace (*Pro Hac Vice*)
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, California 90071

*Attorneys for Defendant ICANN*
***By CM/ECF***