UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 11-14052-CIV-MARTINEZ/LYNCH

JOHN ZUCCARINI,

    Plaintiff,

vs.

NETWORK SOLUTIONS, LLC, *et al.*,

    Defendants.
_____/

## ORDER ON INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Internet Corporation For Assigned Names and Numbers' ("ICANN") Motion to Dismiss Complaint (D.E. No. 19). Plaintiff John Zuccarini ("Zuccarini" or "Plaintiff") brought the above-captioned action alleging that ICANN was negligent in auctioning 14 domain names which resulted in damages to Plaintiff.

### I.    Background

Zuccarini filed his Amended Complaint "as a beneficiary of the receivership appointed by the California District Court in, *Office Depot, Inc. v. Zuccarini*." *See* (Am. Compl. ¶ 6). In *Office Depot, Inc. v. Zuccarini*, 621 F. Supp. 2d 773 (N.D. Cal. 2007), the Court entered an order requiring Network Solutions and other domain name registrars to transfer control of the Zuccarini domain names to Michael Blacksburg as receiver. *Id.* at 778. The receiver entered into a servicing agreement with a domain name registrar, Network Solutions. (Am. Compl. ¶¶ 35-36). Registration of 14 of the domain names were not renewed by the receiver and, pursuant to the servicing agreement with Network Solutions, these domain names were auctioned through

NameJet LLC's ("NameJet") auction platform and transferred to successful bidders. *Id.* at 35-40.

Zuccarini filed an action in the Southern District of Florida in July 2010 against NameJet, Network Solutions and other defendants. *See Zuccarini v. NameJet, Inc.*, 2:10-cv-14178-KMM. He alleged that during May 2010, the above-referenced 14 domain names were auctioned by NameJet in violation of California and Virginia statutes. He sought damages for auction of the 14 domain names based on breach of contract and conversion. *Id.* at (D.E. No. 20). He also sought declaratory and injunctive relief. *Id.* This Court transferred venue to the United States District Court for the Eastern District of Virginia. *See Zuccarini v. NameJet, Inc.*, 2:10-cv-14178-KMM, D.E. No. 57. The Eastern District of Virginia dismissed the action. *Id.* at (D.E. No. 13-2). In his subsequent motion for relief, Zuccarini attempted to argue a previously unasserted claim that the defendants were negligent. The Court denied the motion for relief and explained that even if those arguments had merit, they should have been raised during the litigation in the Northern District of California, or on direct appeal to the United States Court of Appeals for the Ninth Circuit. *Id.* at (D.E. No. 13-3).

## II. Standard

ICANN brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Personal jurisdiction over a non-resident defendant depends on: (1) "whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute;" and (2) "whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'" *Sloss Indus. Corp. v. Eurisol*, 488 F. 3d 922, 925 (11th Cir.

2

2007) (quoting *Sculptchair, Inc. V. Century Arts, Ltd.*, 94 F. 3d 623, 626 (11th Cir. 1996)). The non-resident defendant must reasonably expect to be haled into the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The plaintiff "has the burden of establishing a prima facie case of personal jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F. 3d 1357, 1360 (11th Cir. 2006). Where "the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.*

### III. Analysis

ICANN is a California non-profit corporation that conducts business in the State of Florida. (D.E. No. 7, Am. Compl. ¶¶ 14, 21; D.E. No. 19-1, Aff. of Akram J. Atallah, ¶ 2). The Amended Complaint alleges that ICANN "manages and coordinates the Internet Domain Name System, in addition to accrediting domain name registrars." (D.E. No. 7, Am. Compl. ¶ 14). It further alleges that ICANN maintains a "Registrar Accreditation Agreement with Network Solutions" and that ICANN was negligent in not fulfilling its responsibilities in overseeing the actions of Network Solutions and in not requiring Network Solutions to "place on hold or lock status any domain name that [was] the subject of court proceedings." *Id.* at ¶¶ 60-63. Zuccarini admits to filing the action as a "non-party to any agreement who has been harmed by ICANN's negligent and reckless behavior." *Id.* at ¶ 64.

#### A. Florida's Long-Arm Statute

Because ICANN is a non-resident defendant, we first look to Florida's long-arm statute to

determine if this Court may properly exercise jurisdiction. *Sloss Indus. Corp.*, 488 F. 3d at 925. Plaintiff contends that personal jurisdiction is properly exercised pursuant to Florida's long-arm statute, Section 48.193(1)(a), which provides:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

Fla. Stat. § 48.193(1)(a); (D.E. No. 32 at 3-5).

### 1. ICANN's Affidavit Supporting its Motion to Dismiss

In support of its Motion to Dismiss, ICANN submitted the affidavit of its Chief Operating Officer, Akram J. Atallah. (D.E. No. 19-1). The Affidavit establishes that ICANN:

> 1. Does not have any office or other company facilities in Florida.
>
> 2. Does not have any phone number or mailing address in Florida.
>
> 3. Does not have any employee or staff member in Florida.
>
> 4. Has not applied for any loan or opened any bank account in Florida.
>
> 5. Has not owned any tangible personal property or real estate property or assets in Florida.
>
> 6. Has not appointed any agent in Florida for service of process.
>
> 7. Is not licensed to do business in Florida.
>
> 8. Has never released any advertisement to the residents of Florida, nor has it released any advertisement in any magazine

> targeted at residents of Florida.
>
> 9. To the extent ICANN has witnesses who have knowledge of the facts alleged in the Amended Complaint, none of those witnesses are in Florida.
>
> 10. ICANN maintains a website that is operated from web servers physically located in El Segundo, California and Reston, Virginia.

(D.E. No. 19-1).

### 2. Plaintiff's Allegations Regarding ICANN's Activities Within Florida

Because ICANN submitted an affidavit challenging Plaintiff's jurisdictional allegations, the burden shifts back to plaintiff to produce evidence supporting jurisdiction. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F. 3d 1249, 1258 (11th Cir. 2010); *see also Walack v. Worldwide Machinery Sales, Inc.*, 278 F. Supp. 2d 1358, 1365 (M.D. Fla. 2003). In his response to Defendant's Motion to Dismiss, Plaintiff states that Florida Statute Section 48.193(1)(a) is properly applied to ICANN because:

> 1. ICANN maintains on its website "a list of domain name registrars that ICANN has accredited and with whom ICANN has signed a 2009 Registrar Accreditation Agreement." (D.E. No. 32 at 3). The list of domain name registrars with which ICANN conducts business includes Moniker Online ("Moniker") whose place of business and mailing address is in Pompano Beach, Florida. *Id.* at 4.
>
> 2. According to its website, in July of 2000, ICM Registry, LLC ("ICM"), whose mailing address is in Palm Beach Gardens, Florida, submitted a proposal to ICANN in response to its request for proposals regarding acquiring the rights to certain domains. *Id.* On March 30, 2011, ICANN and ICM entered an agreement that designates ICM as the "Registry Operator" of certain domains. *Id.*
>
> 3. On February 3, 2011, ICANN, along with other organizations, held a news conference in Miami, Florida. *Id.* at 5.

### 3. No Jurisdiction Under Florida's Long-Arm Statute

"The fact that a foreign defendant contracts with a Florida resident is not enough to establish personal jurisdiction over the foreign defendant." *Walack*, 278 F. Supp. 2d at 1366 (finding no personal jurisdiction over defendants pursuant to Florida Statute Section 48.193(1)(a) because alleged facts did not support that defendants operated or conducted a business or business venture in Florida and did not have an office or agent in Florida). As such, even if ICANN entered into contracts with Moniker and ICM, this is not enough to establish personal jurisdiction. Additionally, attendance at a press conference held in Florida is not sufficient to establish that ICANN conducted business within Florida.

Because there is no basis for assertion of personal jurisdiction under Florida's long-arm statute, we need not address the due process implications or the remaining arguments asserted in the motion to dismiss. Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant ICANN's Motion to Dismiss Complaint (D.E. No. 19) is **GRANTED**.

2. This case is **CLOSED** and all pending motions are **DENIED as moot.**

DONE AND ORDERED in Chambers at Miami, Florida, this __7__ day of December, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record